UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terry M. Wilmore, #217739, | ) | C/A No.  2:14-cv-4190-RBH-MGB |
| *a/k/a Terry Michael Wilmore*, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Warden, Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Terry M. Wilmore ("Petitioner" or "Wilmore"), a state prisoner proceeding pro se, filed

a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before

the Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.)

for initial screening. Having reviewed the instant Petition and applicable law, the Court finds

this § 2254 Petition should be summarily dismissed.

### *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* petition filed in the above-captioned case.  The review was conducted

pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act

of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: Denton

v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989);

Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951

(4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).  This Court is required to

construe *pro se* petitions liberally.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting

Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Such *pro se* petitions are held to a less

stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  See <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)); <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing <u>Rice v. Olson</u>, 324 U.S. 786, 791-92 (1945); <u>Holiday v. Johnston</u>, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true.  <u>Hughes</u>, 449 U.S. at 10 (citing <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972)).  However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  See <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 391 (4th Cir. 1990).  Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner attempts to challenge the same convictions he challenged in a previous case, Wilmore v. South Carolina, Civ. A. No. 3:02-cv-182-JFA. Petitioner was convicted of murder and using a firearm during a crime of violence in 1995; he was sentenced to life imprisonment for murder and five years for using a firearm during a crime of violence. In Wilmore v. South Carolina, Civ. A. No. 3:02-cv-182-JFA, the respondents filed a Motion for Summary Judgment. The petitioner was appraised of the summary judgment procedure pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and petitioner filed a response. On September 27, 2002, the Honorable Joseph R. McCrorey issued a Report and Recommendation wherein he recommended that respondents' motion be granted because *inter alia*, the petition was untimely. The petitioner did not file objections, though he had been informed of his right to do so and the serious consequences of failing to object. On January 8, 2003, the assigned District Judge adopted the Report and Recommendation, and granted respondents' Motion for Summary Judgment. Petitioner did not appeal.

Petitioner filed a subsequent § 2254 captioned Wilmore v. McCall, Civ. A. No. 3:11-cv-408-JFA, in 2011. On April 12, 2011, Judge Anderson dismissed that petition as successive. See Wilmore, Civ. A. No. 3:11-cv-408-JFA (D.S.C. Apr. 12, 2011). Petitioner filed a Notice of Appeal, and the United States Court of Appeals for the Fourth Circuit dismissed the appeal as untimely.

Wilmore filed the instant petition for writ of habeas corpus on or about October 22, 2014. (See Dkt. No. 1-3.)

**DISCUSSION**

The instant § 2254 petition should be dismissed because it is a successive petition. Title 28, United States Code Section 2244 provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies. See 28 U.S.C. § 2244(b)(2); see also Rule 9, Rules Governing Section 2254 and 2255 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").[1]

The "AEDPA does not define 'second or successive.'" United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). "[I]t is well settled that the phrase ['second or successive'] does not simply refer to all § 2254 applications filed second or successively in time." Magwood v. Patterson, 561 U.S. 320, 332 (2010) (internal quotation marks and citations omitted). "In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits." Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011) (citing Slack v. McDaniel, 529 U.S. 473, 485-89 (2000)). Petitioner's first § 2254 petition was adjudicated

---

[1] A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

4

on the merits; the instant petition is therefore a successive one. See Harvey, 278 F.3d at 379; Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); Epps v. McCall, Civ. A. No. 1:13-cv-873-RMG, 2013 WL 2897016, at *1 (D.S.C. June 13, 2013) ("To be considered 'successive,' the second or subsequent petition must be an attack on the same conviction attacked in the first petition, and the first petition must have been adjudicated on the merits." (citing In re Williams, 444 F.3d 233, 236 (4th Cir. 2006))).

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court, . . . move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); see also Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." (citing 28 U.S.C. § 2244(b)(3))). Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2254.

Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. Petitioner's unauthorized, successive petition must be dismissed. See Burton, 549 U.S. at 153 (holding

that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition).

## RECOMMENDATION

Accordingly, it is RECOMMENDED that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without requiring Respondent to file an answer or return. It is also RECOMMENDED that a certificate of appealability be denied.[2] Petitioner's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

January 30, 2015
Charleston, South Carolina

---

[2]A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001). In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).